The defendant, Geovane Jacob, was arraigned on April 3, 2026, on a single count of Armed Assault with Intent to Rob in violation of G.L. c. 265, § 18 and a single count of Assault and Battery in violation of G.L. c. 265, § l 3A(a). The Commonwealth moved for the defendant's pretrial detention under G. L. e. 276, § 58A asserting that Armed Assault with Intent to Rob is a qualifying offense for 58A detention. Jacob opposes the motion on the grounds that he is not accused of a qualifying offense. Alternatively, the defendant contends that there are conditions of release that " will reasonably assure the appearance of the ... [defendant in court] and the safety of any other person and the community ...." G. L. c. 276, § 58A(2). Because I conclude that the defendant has not been charged with a qualifying offense under § 58A, the Commonwealth's motion for pretrial detent ion is DENIED. Because I am further persuaded that a bail amount greater than Jaccob can afford is necessary to assure his appearance , I order the defendant held on $5,000 cas h bail.
DISCUSSION
            The Commonwealth presented evidence including surveillance video from a convenience store in Framingham. A masked man brought items to the cash register and grabbed the store clerk's arm as she began to ring up his purchase. I le brandished a knife in his o t her hand. The
 
                                                            -1-
 
clerk pulled her arm away and ran to the back of the store. The man le ft the store and ran away. The police distributed a still image from the surveillance video and received a tip several days later that Jacob was the perpetrator. The police executed a search warrant of Jacob's residence and located clothing that appears to be the same items worn by the person who robbed the store. Jacob was arrested and arraigned in the Framingham District Court. He was held pursuant to § 58A while his case remained in the district court.
            Jacob has no criminal record. At the time of his district court arraignment, he was in default status on another Framingham case. There was also a straight warrant out of the Springfield District Court.[1]
Detention Under G.L. c. 276, § 58A
            The pretrial detention statute, G. L. c. 276, § 58A(3), permits the pretrial detention of certain offenders, provided that a judge concludes by clear and convincing evidence that the offender poses a danger to one or more persons and that no less-restrictive conditions of release will protect the public against the danger posed. The statute's provisions apply to an offender charged with "a felony offense that has as an element of the offense the use, attempted use or threatened use of physical force against the person of another or any other felony that, by its nature, involves a substantial risk that physical force against the person of another may result ...." G. L. c. 276, § 58A(l). This
 
--------------------------------------------
 
[1] Because the district courts rely o n ma il service to d e liver summonses to the accused's last known address, and issue warrant when the defendant fails to appear and the summons was not returned to sender, I do not assume that Jacob was aware of the Spring field court date and resulting warrant. A police report prepared by a Gaming Enforcement Unit trooper working at MGM Springfield describes surveillance footage of a theft of cash from a purse caught on surveillance. The perpetrator  left the establishment in a car, and the police ran the registration. It was registered to someone who was clearly not the driver. The police learned from " inter viewing cooperative witnesses associated with [the car]" that Jacob had been using the car. Jacob did not have any open criminal matters  at  the time  that  he  allegedly committed the offense in December 2024.
 
                                                            -2-
 
language is often referred to as the statute's "force clause." Campbell v. Commonwealth, 494 Mass. 750,753 (2024), quoting Commonwealth v. Vieira, 483 Mass. 417,422 (2019). The statute also lists several offenses that can be the basis for pretrial detention, but Armed Assault with Intent to Rob is not one of those enumerated offenses.
            In determining whether a felony is a  predicate offense under the  pretrial  detention statute's force clause, the court " take[s] a categorical approach." Campbell, 494 Mass. at 753, quoting Vieira, 483 Mass. at 422. Thus, a felony is "a predicate for purposes of [G. L. c. 276,] § 58A if, and only if, the elements of the offense always fall within the ambit of the force clause." Id., quoting Commonwealth v. Escobar, 490 Mass. 488,496 (2022). In making that determination, I must "consider the most innocent conduct criminalize d by the applicable statute ...." Id. at 754. "This inquiry focuses on the elements of the offense, not the particular facts surrounding the offending conduct." Id. at 753-754, citing Escobar, 490 Mass. at 496. Put differently, the test for determining whether a felony qualifies is whether the elements of the offense categorically involve the intentional use of harmful physical force against a person. See id.
            To prove armed assault with intent to rob, the Commonwealth is required to establish that the defendant (1) committed an assault, (2) while armed with a dangerous weapon, (3) with the specific intent to rob. See Commonwealth v. DeCosta, 96 Mass. App. Ct. 105, 113 (2019). An assault may be committed in one of two ways, either by "an attempted battery" or by "an immediately threatened battery." Cruz v. Commonwealth, 104 Mass. App. Ct. 549, 553 (2024). Both require the defendant to act intentionally towards another  individual, so  the  intentionality requirement of the force clause is satisfied. Id.
 
                                                            -3-
 
            The requirement of harmful physical force against a person is where armed assault with intent to rob falls short of the force clause requirements. The Supreme Judicial Court has ruled that a crime that can be committed by "threatened battery" is not a predicate offense because it can be accompli shed through offensive touching. See Vieira, 483 Mass. at 423-427 (unconsented-to touching is insufficient to qualify as harmful force under the force clause of § 58A).
            In Agostini v. Commonwealth, in which the Supreme Judicial Court held that armed robbery is not a predicate offense for § 58A under the force clause, the Court noted that armed robbery may be committed by " force applied to the person" (actual force) or by " an assault putting the person in fear" (constructive force). 497 Mass. 242, 246 (2026), quoting Commonwealth v. Richards, 363 Mass. 299, 302 (1973) (emphasis added). Importantly, "[w]hether actual or constructive force is employed, the degree of force is immaterial so long as it is sufficient to obtain the victim's property against his will." Id., quoting Commonwealth v. Jones, 362 Mass. 83, 87 (1972) (quotation and citation omitted). In an armed robbery, the perpetrator must only use sufficient force to obtain the victim's property against her will. See  id. at 246-247. The degree of force is immaterial. Id. at 246-247. The same holds true for armed assault with intent to rob: the degree of force is immaterial and can  be accomplished  with  minimal force. See Commonwealth v. Benitez, 464 Mass. 686, 695, n.12 (2013) (armed assault with intent to rob is a lesser-included offense of armed robbery).
            While armed assault with intent to rob necessitates possession of a weapon, this does not satisfy the physical force requirement for § 58A. In an armed robbery (and armed assault  with intent to rob), the Commonwealth must only prove that the accused was armed and not that the perpetrator used or displayed the dangerous weapon while committing the cri me. Agostini, 497
 
                                                            -4-
 
Mass. at 248. "The conduct criminalized by [the armed robbery statute] includes the  mere presence of a dangerous weapon without  the victim's knowledge,  which  falls short of the actual " use, attempted use or threatened use" of the weapon it self. G. L. c. 276, § 58A (1). Thus, being armed with a dangerous weapon does not categorically require the degree of force contemplated by§ 58A's force clause." Id. at 249. Cf. Cruz, 104 Mass. App. Ct. at 554 (assault by means of a dangerous weapon requires proof that the requisite assault was committed with a dangerous weapon, which satisfies the force clause).
Bail Factors
            When setting bail under G. L. c. 276 , § 57, the judge must consider a defendant's financial resources but is not required to set bail in an amount the defendant can afford if there are no conditions that could reasonably assure their appearance at trial. Brangan v. Commonwealth, 477 Mass. 691, 693 (2017). I have considered Jacob's financial resources and have determined that he would not be able to post any amount of cash bail. However, I also find that his release presents a risk of non-appearance at future court proceedings in this case. Jacob has no place to live and no family or support people in the area. He was in default status on an open case in the Framingham District Court when he was arrested on the instant matter. I heard evidence of Jacob suffering from mental illness and a substance use disorder. He has no criminal record but now has two open matters in Middlesex County and a straight warrant for a third matter in the Springfield District Court. His Interstate Identification Index ("Triple I") shows multiple aliases. I have considered conditions of release, which would include treatment and OPS monitoring, but do not believe that they would be sufficient to assure Jacob' s presence at future court proceedings.
 
                                                            -4-
 
            I have determined that the amount of bail appropriate in this case to be $5,000. I find that amount of bail is required, and no less financial condition is sufficient, to assure the defendant's presence at future court proceedings.
            I have considered the likely length of pretrial detention in the event that the defendant is unable to post bail. The Commonwealth may seek interlocutory review of the Court's decision regarding § 58A, but the trial court matter is in an early stage and there is no reason to stay the proceedings should this issue be accepted for further review. At this time, I have no reason to believe that this case will take any longer than similar cases involving a similar charge. I do not yet consider the length of his detention to warrant any reduction in the amount of bail set by the court.
            I have not considered dangerousness in setting bail on this matter.
ORDER
            For the foregoing reasons, the Commonwealth 's motion for§ 58A detention  is DENIED. Bail is set at $5,000 with release condition s set pursuant to G. L. c. 276, § 57: 1) enter dual diagnosis residential program and continue with aftercare; 2) curfew  from  7  p.m.  to 7  a.m.; 3) stay away from store where the alleged incident took place; and 4) GPS monitoring to enforce curfew and exclusion zone.
/s/Keren E. Goldenberg
Justice of the Superior Court
April 21, 2026